# Exhibit A

## GENERAL RELEASE AND SETTLEMENT AGREEMENT

This General Release and Settlement Agreement ("Agreement") is made and entered into by and between Gabrielle Cunningham ("Cunningham") and AlliedBarton Security Services LLC ("AlliedBarton").

I

For and in consideration of the execution and non-revocation of this Agreement by Cunningham, AlliedBarton agrees to pay Cunningham the gross amount of twelve thousand dollars ($12,000.00) as follows: (a) a check made payable to the law firm of Remer & Georges-Pierre, PLLC in the gross amount of $4,905.00 (four thousand nine hundred and five dollars), issuing Remer & Georges-Pierre, PLLC (███████████) a Form 1099 at year-end for such payment; (b) a check made payable to Gabrielle Cunningham (SSN: ███████) in the gross amount of $3,547.00 (three thousand five hundred and forty-seven dollars), issuing Cunningham a Form 1099 at year-end for such payment; and (c) a check made payable to Gabrielle Cunningham (SSN: ███████) in the amount of $3,548.00 (three thousand five hundred and forty-eight dollars), less withholdings, issuing Cunningham a W-2 at year-end for such payment. These payments are provided in settlement of all of Cunningham's claims against AlliedBarton and/or all of its affiliated companies, customers, clients, employees, officers, directors, and representatives, including the claims set forth in the Complaint currently pending in the United States District Court for the Southern District of Florida, Case No. 10-20468-CIV-Gold/McAliley, captioned *Gabrielle Cunningham v. Allied Barton Security Services, LLC* (the "Lawsuit").

Delivery of the aforementioned settlement checks shall be made to Cunningham's attorney of record, Jason S. Remer, within fifteen (15) business days following approval of an

executed version of this Agreement by the Court and dismissal of the Lawsuit with prejudice.

II

For and in consideration of the agreements and commitments set forth above, the receipt and sufficiency of which are hereby acknowledged, Cunningham does hereby knowingly and voluntarily release and forever discharge, both jointly and severally, AlliedBarton, its subsidiaries and affiliates, and its officers, directors, employees (current and former), shareholders, attorneys, servants and agents, together with their successors and assigns (hereinafter collectively referred to as the "Releasees") from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims and demands whatsoever, in law or in equity (hereinafter collectively referred to as "claims"), whether known or unknown, which Cunningham ever had, now has, or may or might in the future have against the Releasees, arising out of events or occurrences which arose at or before the moment Cunningham signs this Agreement, including, but not limited to (i) those claims arising out of or in any way connected with the circumstances surrounding the Lawsuit; (ii) those claims arising out of or in any way connected with the employment relationship which existed between Cunningham and AlliedBarton and/or the termination of that relationship; (iii) those claims arising under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.* and/or the Older Workers' Benefit Protection Act of 1990, 29 U.S.C. § 626(f), *et seq.*; (iv) those claims arising under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et. seq.*, Florida's AIDS Act, Florida Statutes, §§ 381.004 and 760.50; and/or Florida's Sickle-Cell Anemia Discrimination Law, Florida Statutes § 448.075; (v) those claims arising under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq.*; (vi) those claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e,

2

as amended, Florida's Civil Rights Act, §§ 760.01 to 760.11 of the Florida Statutes and/or any other applicable state fair employment practices statute and/or any ordinance promulgated by any county, municipality, or other state subdivision; (vii) those claims arising under the Equal Pay Act of 1963, 29 U.S.C. §§ 206, *et seq.* and/or Florida's Equal Pay Laws, Florida Statutes, §§ 448.07 and 725.07; (viii) those claims arising under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.*, including, but not limited to, claims related to salary, severance pay and accrued time, and any other benefits; (ix) those claims arising under the National Labor Relations Act, 29 U.S.C. §§ 151, *et seq.*; (x) those claims arising under the Fair Labor Standards Act and/or any other applicable state and local wage and hour statutes; (xi) those claims under the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A *et seq.*, the Whistleblower Protection Act of 1989, 5 U.S.C. § 1201 (2000) *et seq.* and/or any other state or federal whistleblower protection statute, act, regulation or provision including, but not limited to, the Whistle Blower's Act, Florida Statutes § 448.101 *et seq.*, Florida's Occupational Safety and Health Act, Florida Statutes Ch. 99-240, § 14 and/or Florida's workers' compensation anti-retaliation law, Florida Statutes § 440.205; (xii) those claims arising under the Worker Adjustment and Retraining Notification Act; (xiii) those claims arising under the Family & Medical Leave Act and/or any other applicable state and local leave laws; (xiv) those claims arising under any federal or state handicap or disability discrimination act, regulation or executive order; (xv) those claims for retaliatory or wrongful discharge of any kind; (xvi) those claims for intentional or negligent infliction of emotional distress or outrageous conduct; (xvii) those claims for breach of duty, misrepresentation, fraud, negligence, libel, slander, defamation or tortious conduct of any kind; (xviii) those claims for interference with business relationships, contractual relationships, or employment

3

relationships of any kind; (xix) those claims for breach of duty and/or the implied covenant of good faith and fair dealing; (xx) those claims for interference with and/or breach of contract (express or implied, in fact or in law, oral or written); (xxi) those claims arising under or in reliance upon any statute, regulation or ordinance (local, state, or federal); (xxii) any and all other claims which Cunningham ever had, now has, or may or might in the future have arising by reason of or in any way connected with any employment relationship which may have existed prior to or on the date hereof between Cunningham and AlliedBarton and/or the termination of that relationship.

III

Cunningham further acknowledges and covenants that, in consideration for the agreements and commitments set forth in Paragraph I hereof, she has knowingly relinquished, waived and forever released any and all damages and remedies which might otherwise be available to her, including, without limitation, claims for contract or tort damages of any type, claims for legal or equitable relief under either federal or state statutory and common law, claims for back pay, reinstatement and recovery of attorneys' fees, and the right to be a member in any class in any lawsuit or administrative action arising out of her employment with AlliedBarton. Cunningham further warrants that as of the time of execution of this Agreement, she has not assigned or transferred any claims of any nature that she would otherwise have against the Releasees. Cunningham acknowledges that nothing in this Agreement prevents her from filing a charge or complaint with the Equal Employment Opportunity Commission ("EEOC") or cooperating in any investigation or proceeding conducted by the EEOC. However, Cunningham understands and agrees that, if she files a charge or complaint with the EEOC or another state or federal agency (including the

4

Department of Labor), or if the EEOC or another state or federal agency independently pursues relief on behalf of Cunningham, Cunningham shall not accept any damages or benefits awarded in her favor, if any, including without limitation, any damages or injunctive relief specific to Cunningham. Cunningham further agrees and covenants that she knowingly and voluntarily entered into and executed this Agreement after deliberate consideration and opportunity to negotiate concerning all of its terms and provisions, that she was not coerced, pressured or forced in any way by AlliedBarton or anyone else to accept the terms of this Agreement, and that the decision to accept the terms of this Agreement was entirely her own after full opportunity for consultation with the person or persons of her choosing. Cunningham also acknowledges and agrees that she understands that she may be giving up certain legal rights by entering into this Agreement.

Cunningham acknowledges and agrees that the payments conferred on her herein are in excess of any amounts owed to her by AlliedBarton and that the payment to her of the amounts set forth in Paragraph I will result in Cunningham having been paid for any and all wages (i.e. hourly wages and/or overtime compensation) purportedly owed to her for her tenure of employment with AlliedBarton. Cunningham further acknowledges and agrees that the payments to her and her attorney set forth in Paragraph I are in excess of any damages she could hope to recover in the Lawsuit, including compensatory damages, liquidated damages, prejudgment interest, costs, and attorneys' fees. It is further understood that the payments conferred herein are not to be construed as an admission of liability on the part of AlliedBarton, by whom liability is expressly denied.

IV

Cunningham further acknowledges and covenants not to sue the Releasees, or to participate or aid in any way in any suit or proceeding or to execute, seek to impose, collect or recover upon, or otherwise enforce or accept any judgment, decision, award, warrant or attachment upon any claim released by her herein. Cunningham also acknowledges and covenants that she understands that after signing this Agreement, she cannot proceed against any person or party mentioned in it with respect to or on account of any of the matters referred to in it. Cunningham further agrees that she will file a Stipulation of Dismissal With Prejudice with the Court in a form substantially similar to that attached hereto as Exhibit A and will thereafter take whatever steps are necessary to ensure that the Lawsuit is dismissed with prejudice.

V

Cunningham and her counsel shall be responsible for the payments of any and all local, state, and/or federal taxes which may be attributable to the payments described in Section I above and indemnify and hold AlliedBarton harmless from any and all tax consequences, including interest and/or penalties, arising out of those payments.

VI

In further consideration of this Agreement and the commitments set forth in Paragraph I hereinabove, Cunningham does hereby agree and acknowledge that she is not entitled to and will not seek employment, reemployment and/or reinstatement with AlliedBarton and/or any of its parents, subsidiaries, partners, or affiliates, and/or one of their successors or assigns. Cunningham further agrees that should she become employed in the future by AlliedBarton or one of its parents, subsidiaries, partners, or affiliates, or one of their successors or assigns, she will immediately resign her employment upon request.

VII

Cunningham acknowledges that she was given at least twenty-one (21) days to consider this Agreement prior to signing, and that she has seven (7) days after execution of this Agreement to revoke her Agreement to its terms. In the event that Cunningham decides to waive the twenty-one (21) day time period in which to consider this Agreement and decides to sign this Agreement immediately, she agrees to execute the Waiver of Twenty-One (21) Day Consideration Period attached hereto as Exhibit B.

VIII

Cunningham does further covenant that she shall make no disclosure of any kind concerning this Agreement and the sums paid as consideration hereof to any person, persons or organization other than her spouse or as required by a court of law (*e.g.*, by virtue of a validly issued subpoena), or to her attorney, accountant or tax advisor, and then only to the extent necessary to prepare the federal, state or local tax returns or other documents required by law to be filed. While not limiting the generality of the foregoing, "disclosure" includes a statement, written or oral, to any person, newspaper, magazine, radio, television station or publishing company. Cunningham does further agree that if she is asked about her claims or about this Agreement, she will state only that "The matter is over."

IX

Cunningham agrees and covenants that she will not directly or indirectly, orally or in writing, disparage AlliedBarton, its services, employees (current and former), officers, directors, representatives, agents and/or attorneys in any way or interfere in any way with its relationships with its customers or employees.

7

X

Cunningham agrees and covenants that she has carefully reviewed, studied and thought over the terms of this Agreement, and that all questions concerning this Agreement have been answered to her satisfaction. Cunningham further represents and agrees that she was advised and encouraged, prior to her execution of this Agreement, to discuss and review all aspects of this Agreement with her private attorney and that she has, to the extent she wished to do so, availed herself of this opportunity.

XI

It is also understood and agreed that this Agreement is executed by Cunningham voluntarily and is not based upon any representations or statements of any kind made by AlliedBarton or any of its representatives as to the merits, legal liabilities, or value of any current or potential claims which Cunningham may have. Cunningham also acknowledges that no promise or inducement for this Agreement has been offered or made, except as herein set forth, and this Agreement contains the full terms of the agreement between Cunningham and AlliedBarton.

XII

It is further understood and agreed that this settlement is a compromise of disputed claims and that the payment conferred herein is not to be construed as an admission of liability on the part of the persons, corporations and entities hereby released, by whom liability is expressly denied.

XIII

This Agreement shall be binding upon Cunningham, her heirs, executors, administrators, assigns, successors, beneficiaries, employees and agents, and all other persons asserting claims

8

by, on behalf of, or through Cunningham based or founded upon any of the claims released herein. Cunningham acknowledges that this Agreement is made and entered into in the State of Florida and shall, in all respects, be interpreted, enforced and governed under the laws of said State. All terms of this Agreement shall inure to the benefit of the Releasees and their predecessors, successors and assigns. The parties hereby acknowledge that this Agreement is enforceable in the state or federal courts of Florida. Cunningham hereby waives any defenses to the assertion of personal jurisdiction in the aforementioned courts.

XIV

Should any word, phrase, clause, sentence or paragraph of this Agreement be deemed unenforceable by a competent court of law, the enforceability of the remainder of the Agreement shall be unaffected.

XV

Cunningham acknowledges and agrees that, should she fail or refuse to execute this Agreement, all obligations of AlliedBarton, including the obligation to pay the sums referenced in Paragraph I as set forth herein, shall be entirely null, void and of no effect.

XVI

This Agreement constitutes the entire agreement between Cunningham and the Releasees pertaining to the subjects contained herein and supersedes any and all prior and/or contemporaneous agreements, representations or understandings, written or oral. It is expressly understood and agreed that this Agreement may not be altered, amended, modified or otherwise changed in any respect or particular whatsoever except in writing duly executed by Cunningham and an authorized representative of AlliedBarton. This Agreement is intended to fully, completely and forever resolve all disputes based upon events, omissions or acts occurring on or

prior to its execution, as well as all other issues or claims in any way arising out of, or connected with, the prior employment of Cunningham with AlliedBarton and/or her separation from that employment.

IN WITNESS WHEREOF, Gabrielle Cunningham sets her hand and seal this 22 day of September, 2010.

_____  
Gabrielle Cunningham

_____  
For and on behalf of AlliedBarton Security Services LLC

Sworn to and subscribed before me this 22 day of September, 2010.

_____  
Notary Public [Seal]

ANTHONY M. GEORGES-PIERRE  
Comm# DD0763120  
Expires 3/18/2012  
Florida Notary Assn., Inc

10